UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID CHARLES VAN-Y, #455232,

        Petitioner,

   v.                            CASE NO. 2:15-CV-12937
                                   HON. GEORGE CARAM STEEH
JEREMY BUSH,

        Respondent.
                                   /

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

       This is a habeas case brought by a Michigan prisoner pursuant to 28 U.S.C. § 2254. David Charles Van-y ("petitioner") pleaded nolo contendere in the Isabella County Circuit Court to false pretenses with intent to defraud in excess of $1,000.00 but less than $20,000.00, MICH. COMP. LAWS § 750.218(4)(a), and to larceny by conversion in excess of $20,000.00, MICH. COMP. LAWS § 750.362(2)(a). On June 22, 2015, he was sentenced as third habitual offender, MICH. COMP. LAWS § 769.11, to 2 to 10 years imprisonment on the false pretenses conviction and to 2 to 20 years imprisonment on the larceny conviction. See Offender Profile, Michigan Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=455232.

       The petitioner dated the instant petition on July 17, 2015 and filed it with the United States District Court for the Western District of Michigan, which transferred the case to this

Court on August 18, 2015. In his pleadings, the petitioner raises claims concerning his plea bargain and the validity of his sentence. The petitioner does not indicate whether he is pursuing a direct appeal or collateral review in the state courts. For the reasons stated, the Court dismisses without prejudice the habeas petition. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

**II. Analysis**

A prisoner filing a habeas petition under 28 U.S.C. §2254 must first exhaust all state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); see also Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing McMeans). The claims must also be presented to the state courts as federal constitutional issues. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a prisoner must exhaust available state remedies before seeking federal habeas review. Granberry v. Greer, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. Rust, 17 F.3d at 160.

In this case, the petitioner fails to allege or establish that he has exhausted his habeas claims in the Michigan courts before proceeding in federal court on habeas review – and the record indicates that he would not have had time to do so. The petitioner has an available avenue for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he may file a delayed application for leave to appeal with the Michigan Court of Appeals under Michigan Court Rule 7.205 and then seek leave to appeal with the Michigan Supreme Court under Michigan Court Rule 7.302, or he may file a motion for relief from judgment with the state trial court under Michigan Court Rule 6.500 et seq. and seek further review in the state appellate courts as necessary. The unexhausted claims should be addressed to, and considered by, the state courts in the first instance. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present the unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. Rhines v. Weber, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." Id. at 277.

A stay is unwarranted here. First, the petitioner does not request a stay nor assert that his circumstances justify a stay. Second, it appears that all of his habeas claims are unexhausted. The Court cannot stay a petition containing all unexhausted claims. In such a case, a non-prejudicial dismissal of the petition is appropriate. See Hines v.

Romanowski, No. 2:14–CV–13983, 2014 WL 5420135, *2 (E.D. Mich. Oct. 22, 2014) (dismissing case where all claims were unexhausted); Wilson v. Warren, No. 06–CV–15508, 2007 WL 37756, *2 (E.D. Mich. Jan.4, 2007) ("in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court"); accord Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (Rhines stay and abeyance rule does not apply to a petition alleging only unexhausted claims); United States v. Hickman, 191 F. App'x 756, 757 (10th Cir. 2006) ( "[t]raditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice...."); McDonald v. Bell, No. 1:06–cv–406, 2009 WL 1525970 (W.D. Mich. June 1, 2009) (concluding that the stay and abeyance procedure does not apply to petition containing only unexhausted claims and dismissing petition); Mimms v. Russell, No. 1:08–cv–79, 2009 WL 890509 (S.D. Ohio March 31, 2009) (habeas petition subject to dismissal where petitioner did not exhaust any of his state court remedies on any of his habeas claims); Murphy v. Feneis, No. 07–153, 2007 WL 2320540 at *7 (D. Minn. Aug.10, 2007) ("Given the narrow issue before the Supreme Court regarding mixed petitions, this Court refuses to extend Rhines to allow a court to stay a habeas petition, so that a petitioner can exhaust his state remedies, where, as here, the petition contains only unexhausted claims.").

Third, the one-year statute of limitations applicable to federal habeas actions, 28 U.S.C. § 2244(d), does not pose a problem for the petitioner to proceed on his claims following the exhaustion of state court remedies. The petitioner was sentenced on June 22, 2015. He is still within the period for pursuing a direct appeal of his convictions and

sentences in the state courts. Once his direct appeals end or the time for seeking such review expires, he will have the full one-year period to seek federal habeas relief. See 28 U.S.C. § 2244(d)(1)(A) (the time for filing a petition under § 2254 runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review"). The one-year period will also be tolled for any time the petitioner spends seeking collateral review in the state courts. See 28 U.S.C. § 2244(d)(2) ("properly filed applications for State post-conviction or other collateral review...shall not be counted toward any period of limitation"). The petitioner thus has sufficient time to file a new habeas case upon the completion of state court remedies. Additionally, even assuming that the petitioner has not engaged in "intentionally dilatory tactics," he has not shown good cause for failing to exhaust his claims in the state courts before seeking habeas relief in federal court. The Court also cannot discern whether the petitioner's unexhausted claims are "plainly meritless" from his current pleadings. Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

### III.     Conclusion

For the reasons stated, the Court concludes that the petitioner has not presented his habeas claims to the state courts before filing this action, that he must properly exhaust his claims in the state courts before proceeding on federal habeas review, and that a stay is unwarranted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of the petitioner's claims.

Before the petitioner may appeal the Court's decision, a certificate of appealability

must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on procedural grounds without addressing the merits of a claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Having considered the matter, the Court concludes that reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. FED. R. APP. P. 24(a).

**IT IS SO ORDERED**.

Dated: September 1, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 1, 2015, by electronic and/or ordinary mail and also on David Van-Y #455232, Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI 49788.

s/Barbara Radke
Deputy Clerk